UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

VINCENTE ZARAGOZA                              CIVIL ACTION

v.                                             NO. 18-6150

HARTFORD FIRE INSURANCE                        SECTION "F"
COMPANY, ET AL.

ORDER AND REASONS

Before the Court is the defendants' motion to strike plaintiff's expert witnesses for failure to comply with the scheduling order. For the reasons that follow, the motion is GRANTED.

**Background**

This personal injury lawsuit arises from a car accident. Vincente Zaragoza alleges that Joshua Emery, who drove a van while working for Rent-A-Center, crashed into Zaragoza's Trailblazer while the two were driving east on U.S. Highway 90B in Orleans Parish.

Zaragoza sued Emery, Rent-A-Center, Inc., and Hartford Fire Insurance Company in state court to recover for his injuries. The defendants removed the case to this Court, invoking the Court's diversity jurisdiction. The Court issued a scheduling order selecting a March 25, 2019 jury trial date as well as other deadlines including deadlines for exchanging expert reports. The

1

scheduling order mandates that the plaintiff's written expert reports must be delivered to the defendants no later than December 6, 2018 and that the defendants' written expert reports must be delivered to the plaintiff no later than January 3, 2019.[1] The Court admonishes counsel in the scheduling order that:

> The Court will not permit any witnesses, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.
> ...
> Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with the Local Rules and upon showing of good cause....

The plaintiff did not provide the defendants with any expert reports by December 6, 2018. However, in his witness list filed on January 3, 2019, the plaintiff lists two expert witnesses, Aaron Wolfson, Ph.D. and Ralph A. Litolff, Jr., CPA/CFF/ABV, CVA, MBA. The defendants now move to strike and exclude these two expert witnesses.

I.

Rule 16 of the Federal Rules of Civil Procedure "authorizes federal courts to control and expedite the discovery process

---

[1] On December 14, 2018, the Court granted the defendants' unopposed motion to extend their deadline to submit written expert reports; their written expert reports must be produced by February 3, 2019.

through a scheduling order." Barrett v. Atlantic Richfield Co., 95 F.3d 375, 380 (5th Cir. 1996). Required content of the scheduling order includes deadlines to amend pleadings, complete discovery, and file motions. The scheduling order may be modified "only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." S&W Enters. v. Southtrust Bank of Ala., 315 F.3d 533, 535 (5th Cir. 2003).

"Consistent with the authority vested in the trial court by Rule 16 . . . the trial court [has] broad discretion to preserve the integrity and purpose of the pretrial order." Geiserman v. MacDonald, 893 F.2d 787, 790 (5th Cir. 1990)(internal citations omitted). This broad discretion includes the decision to exclude evidence as a means of enforcing a pretrial order. Davis v. Duplantis, 448 F.2d 918, 921 (5th Cir. 1971). Rule 37(c) also vests the Court with discretion to impose sanctions, including the decision to exclude expert testimony for violations of Rule 26. Barrett, 95 F.3d at 380. The trial court's "decision as to the extent that pretrial activity should prevent the introduction of otherwise competent and relevant testimony at trial must not be disturbed unless it is demonstrated that he has clearly abused the

broad discretion vested in him by Rule 16." Davis, 448 F.2d at 921.

To determine if the district court abused its discretion in excluding expert testimony, four factors are examined:

(1) the explanation, if any, for the party's failure to comply with the discovery order;

(2) the prejudice to the opposing party of allowing the witness to testify;

(3) the possibility of curing such prejudice by granting a continuance; and

(4) the importance of the witness's testimony.

Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc., 73 F.3d 546, 572 (5th Cir. 1996)(citation omitted). Notably, as to the fourth factor, "the importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders." Geiserman v. MacDonald, 893 F.2d 787, 792 (5th Cir. 1990).

## II.

The defendants urge the Court to strike and exclude the plaintiff's two expert witnesses identified for the first time in the plaintiff's witness list, which (although the list itself was timely filed) was filed almost 30 days after the plaintiff's expert deadline. The defendants submit that the plaintiff has offered no explanation for his failure to comply with the scheduling order.

The defendants aver that they would suffer prejudice, given that the trial is three months away, they still have not received any expert reports, and they lack sufficient time to depose the plaintiff's experts and to retain experts of their own to refute the plaintiff's experts. The defendants concede that a trial continuance may cure the resulting prejudice, but neither party has requested a trial continuance.

The plaintiff counters that the two experts he lists in his witness list are "rebuttal witnesses not subject to this Court's Scheduling Order deadline;" and that striking the plaintiff's so-called rebuttal witnesses will unfairly prejudice him, "particularly [given his] professional courtesy in voluntarily extending Defendants' deadline for submission of their expert reports." If the Court rejects the rebuttal witness theory, the plaintiff argues that "good cause" exists for extending the expert deadline, given that: the plaintiff's doctor has recommended an anterior cervical disc fusion as his next treatment option and post-operative recovery period for the surgery is unknown;[2] amendment of the scheduling order deadline to exchange expert

---

[2] Notably, the plaintiff offers little detail concerning the timing of this recommendation, if or when the recommended surgery is scheduled; nor has he moved to continue the trial in light of his allegedly uncertain medical condition and the resulting unsettled extent of his damages.

5

reports is critical to the plaintiff's ability to carry his burden of proof; the plaintiff does not oppose defendants' motion to extend their written expert report deadline; and a continuance is available to cure any prejudice to the defendants by the tardy submission of expert reports.

The plaintiff has offered no persuasive explanation for his failure to meet the expert deadline. And, the plaintiff offers no explanation for his failure to request an extension of his expert deadline.[3] Moreover, insofar as the plaintiff suggests that he needs his two experts to testify in order to carry his burden of proof, the claimed importance of the expert testimony underscores the need for compliance with the deadlines, or at least informing the Court in advance if good faith compliance was not possible. Plaintiff did neither.

The plaintiff does not dispute that he failed to submit timely expert reports -- indeed, there is no dispute that still to this date no expert reports have been produced. But the plaintiff nevertheless seeks to characterize the experts he identified in his witness list as "rebuttal experts" because, he claims, he

---

[3] Again, the Court's scheduling order provides:
> Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with the Local Rules and upon showing of good cause....

technically identified his two experts one day after the defendants filed their witness list in which they identified experts. Even if the plaintiff could persuade the Court that rebuttal experts are permitted by the Court's scheduling order, the plaintiff's characterization of his expert witnesses as "rebuttal" experts betrays the burden of proof and this Court's orderly scheme of expert disclosure set forth in the scheduling order based on that burden of proof. The Court declines to sanction the plaintiff's attempt to upset this Court's scheduling order by allowing Ralph Litloff, Jr. and Dr. Aaron Wolfson to testify as "rebuttal witnesses." To permit the plaintiff's listed experts to testify as rebuttal experts when neither expert has produced any report (let alone a timely report) that has been disclosed to the defendants would prejudice the defendants with more discovery, subvert the orderly scheme of expert disclosure, and disturb the trial schedule to accommodate the plaintiff's tardiness and failure to comply with the scheduling order. The Court underscores that the plaintiff has not produced any expert reports and has never requested additional time within which to produce reports by the experts he has listed on his witness list.

Accordingly, the defendants' motion to strike the plaintiff's expert witnesses for failure to comply with the scheduling order is hereby GRANTED.

New Orleans, Louisiana, January 22nd, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE